IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Case No. 13-CR-00847 |
| ANTHONY OLIVER, : | DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER |
| Defendant : | CARES ACT 18 U.S.C. 3582(c)(1)(A) |

Defendant, ANTHONY OLIVER, Pro Se, pursuant to 18 U.S.C. § 3582(c)(1)(A), requests COMPASSIONATE RELEASE, due to the high risk of contracting COVID-19, in his B.O.P. facility.

### JURISDICTION

This Court, now has jurisdiction to entertain Defendant's request for COMPASSIONATE RELEASE, based upon the CARES ACT, § 12003(b)(2). § 3582(c)(1)(A) contains no jurisdictional bar to a District Court entertaining this MOTION without awaiting by the B.O.P. for all LOW, and minimum custody inmates.

### PROCEDURAL HISTORY

On December 4, 2015, Defendant, who is a FIRST-TIME OFFENDER, was sentenced to 100 months for controlled substance - sell, distribute, or dispense, in violation of 21 U.S.C. § 841(b)(1)(B).

### REASONS FOR GRANTING COMPASSIONATE RELEASE PURSUANT TO § 3582(c)(1)(A)

1

Defendant, who is a FIRST-TIME OFFENDER, with three (3) children, is currently at a LOW security facility at F.C.I. Fort Dix, N.J. Defendant is at extremely high risk of possible death if he contracts COVID-19 because of his current health condition. Defendant was a victim of a shooting at the young age of sixteen (16), where his lungs collapsed. The bullet remains in his neck. The bullet entered one (1) inch from his spine. Defendant was, again, a victim of another shooting at the age of eighteen (18), where he was shot nine (9) times. As a result of said shootings, perspiration gland disorders, lung, and breathing difficulties, and back spasming. See Sentencing Transcript, Page 22; See P.S.I. Report.

Defendant was twenty two (22) years old when he was arrested for the instant offense. He has begun the atonement process by accepting responsibility for his behavior, and by separating himself from the proverbial "herd", by re-committing himself to a law-abiding life, upon his release, back to his three (3) children.

The circumstance faced by the prison facility during this highly contagious, potentially fatal, global pandemic is unprecedented. "...It is no stretch to call this environment extraordinary, and compelling..." See UNITED STATES V. FOSTER, Case No. 1:14-CR-324-02 (M.D. PA., April 3, 2020). "...releasing a prisoner who is for all practical purposes deserving of compassionate release during normal times is all but mandated in the age of COVID-19..." See UNITED STATES V. RESNIK, Case No. 1:12-CR-00152-CM (S.D. N.Y., April 2, 2020). "...Emergency motion was granted on same day of filing for a prisoner who had served only 9 months of a 36 month sentence for fraud at F.C.I. Oakdale and who had NOT exhausted B.O.P. remedies..." See UNITED STATES V. BRANNAN, Case No. 4: 15-CR-80-01 (S.D. TX., April 2, 2020).

Defendant requests that this Court grant him COMPASSIONATE RELEASE under the CARES ACT, in light of intervening calls by U.S. Attorney William Barr, coupled with the fact that Defendant is scheduled for release to Home Confinement on September 14, 2020, and his continuing efforts at post-conviction rehabilitation. See PEPPER V. UNITED STATES, 562 U.S. ___ (2011).

## CONCLUSION

Defendant prays that this Court grant him COMPASSIONATE RELEASE; no rationale is more compelling or extraordinary.

Respectfully submitted,

*[signature]*

ANTHONY OLIVER, PRO SE

Register No. 69505-054
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640-5433

Date: April 7, 2020

---

The application for compassionate release is denied. As the Government notes in its opposition, Oliver has not exhausted his administrative remedies, which he must do under 18 U.S.C. Section 3582(c), as this Court has previously ruled in other cases. Thus, the application is denied without prejudice. Should Oliver fully exhaust his administrative remedies, or should any application to the BOP go without a response after 30 days, then Oliver may renew his application. However, Oliver will have to substantiate his claim that he has a particular reason to be at risk from COVID-19. While he has no doubt suffered from some major injuries in the past from various shootings, these types of injuries have not been identified as placing individuals in the high risk categories. For example, Oliver will have to explain why once having a collapsed lung exposes him to a high risk from COVID-19. The literature has not suggested such.

The Government is to mail this endorsement to Oliver and certify that it has done so by May 1, 2020.

So Ordered.

*[signature]*

4/28/20

## CERTIFICATE OF SERVICE

I, ANTHONY OLIVER, HEREBY, affirm that on April 7, 2020, I caused an original copy of Defendant's REPLY MEMORANDUM to be mailed to the Clerk of the of the United States Court, Southern District of New York, located at 500 Pearl street, New York, N.Y. 10007, for ECF filing. A copy of the same was mailed to Scott Hartman, Esq., A.U.S.A., at his office, at the Silvio J. Mollo Bldg., One St. Andrew's Plaza, New York, N.Y. 10007.

ANTHONY OLIVER
Register No. 69505-054
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640-5433